**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD MCDOUGALL, Trustee, | ) ) ) ) ) | FILED: MAY 28, 2008<br>08CV3087 J. N.<br>JUDGE KENNELLY<br>MAG. JUDGE BROWN |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | Case No. |
| GEORGE W. MYLER, JR. d/b/a MYLER TRUCKING, an Indiana resident, | ) ) ) ) | Judge |
| Defendant. | ) ) | |

## <u>COMPLAINT</u>

Plaintiffs, the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee (collectively referred to "Central States") for a cause of action against George Myler d/b/a Myler Trucking ("Myler"), allege as follows:

1.     This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. and is a suit to recover employer contributions owed to the Plaintiffs by Myler and MT in accordance with applicable collective bargaining and trust fund agreements.

2.     This Court has jurisdiction over this action under ERISA Sections 502(e)(1) and 502(f), 29 U.S.C. §§ 1132(e)(1) and 1132(f).

3.     Venue lies in this Court under ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(1) in that the Pension Fund is administered at its principal place of business

located at 9377 West Higgins Road in Rosemont, Cook County, Illinois.  Venue is also based upon the Pension Fund Trust Agreement which designates this district as the forum for this case.

## PARTIES AND RELATIONSHIP

4.    The Pension Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices located at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

5.    The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers.  All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6.    Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Pension Fund as that term is defined in ERISA and brings this action in his capacity as a Trustee and fiduciary.

7.    Plaintiff Howard McDougall is a present Trustee of the Pension Fund and he and his fellow trustees are fiduciaries under ERISA Section 402(a), 29 U.S.C. § 1102(a). Pursuant to ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), Howard McDougall is authorized to bring civil actions on behalf of the Pension Fund and its participants and beneficiaries.

8.    Defendant Myler is a citizen and resident of Indiana residing in Covington, Indiana, and an "employer" and a "party-in-interest" as those terms are defined by,

respectively, 29 U.S.C. 29 U.S.C. §§ 1002(5) and 1002(14)(C) of ERISA.

9.     Local Union 135 ("Local 135") of the International Brotherhood of Teamsters ("IBT") is a labor organization which represents, for the purpose of collective bargaining, certain employees of Myler and employees of other employers in industries affecting interstate commerce.

## RELEVANT BACKGROUND EVENTS

10.     During all relevant times, Myler was bound by collective bargaining agreements entered into with Local 135 under which Myler was required to make contributions to the Pension Fund on behalf of certain of its employees.  The most recent agreement recited that it would be in effect from April 1, 2004 to March 31, 2009, and continuing from year to year thereafter absent timely service of a notice of termination (the 2004-2009 CBA").  Myler was also party to a collective bargaining agreement entered into with Local 135 covering the period April 1, 1999 through March 31, 2004 (the "1999-2004 CBA").

11.     Myler and Local 135 also entered into a participation agreement which also requires Myler to pay contributions to the Pension Fund (the "PA").

12.     Myler is bound by the provisions of the Pension Fund Trust Agreement ("Trust Agreement") and all of the rules and regulations promulgated by the Trustees under said Trust Agreement.  The Trust Agreement requires payment of contributions to the Pension Fund on behalf of employees covered in the bargaining unit as described in the applicable collective bargaining agreements.

13.     The Pension Fund requires Myler to "make continuing and prompt payments to the [Pension] Fund as required by the applicable collective bargaining agreements."

14.     The Pension Fund relies upon employers to self-report the work history of

eligible employees.  The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees.  Based upon employee work history reported by the employer, the Pension Fund bills the employers for contributions.

15.    During the period January 2003 to May 2006, Myler reported employee work history to the Pension Fund.

16.    Pursuant to the Trust Agreement,  the Pension Fund is permitted to audit work history records of participating employers in order to verify the accuracy and completeness of the reported work history submitted as part of the self-reporting system.

17.    The Pension Fund audited Myler's records to verify the accuracy and completeness of the employee work history reported to the Pension Fund by Myler pursuant to the 1999-2004 CBA and the 2004-2009 CBA during the period of January 1, 2003 through December 31, 2006.

18.    The Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment.  In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged.  Any judgment against an Employer for contributions or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance

with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions or withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

## **STATUTORY AUTHORITY**

19.    Section 515 of ERISA, 29 U.S.C. § 1145, provides:

Sec. 515.    Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such Agreement.

20.    Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides:

(2)    In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(a)    the unpaid contributions;

(b)    interest on the unpaid contributions,

(c)    an amount equal to the greater of

--

(i)    interest on the unpaid contributions, or

(ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(d)    reasonable attorney's fees and costs of the

action, to be paid by the defendant, and

(e)    such other legal or equitable relief as the court
deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall
be determined by using the rate provided under the plan, or, if none,
the rate prescribed under section 6621 of Title 28.

### COUNT I – FOR DELINQUENT CONTRIBUTIONS
### (Against George Myler)

21.    Myler breached the provisions of ERISA, the collective bargaining

agreements and the Trust Agreement by failing to pay all of the contributions (and interest

due thereon) owed to the Pension Fund for the period January 1, 2003 to December 31,

2006.

22.    Myler owes the Pension Fund the amount of $35,540.00 in unpaid

contributions for the period January 1, 2003 to December 31, 2006 as a result of the

conduct set forth in paragraph 22.

23.    Pursuant to Article XIV, Section 12 of the Trust Agreement, employers who

fail to pay amounts revealed to be owed by an audit are required to pay auditor fees and

all costs incurred in connection with the audit.

**WHEREFORE,** the Plaintiffs request the following relief:

(A)    A judgment against George Myler d/b/a Myler Trucking and in favor of the

Plaintiffs, pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), for:

(i)    the principal amount of $35,540.00 owed to the Pension Fund;

(ii)    interest on the unpaid contributions computed and charged at an

annualized interest rate equal to two percent (2%) plus the prime

interest rate established by the Chase Manhattan Bank (New York,

New York) for the fifteenth (15th) day of the month for which the interest is charged;

(iii)    an amount equal to the greater of the interest on the principal amount of the unpaid contributions or liquidated damages equal to 20% of the principal amount of the unpaid contributions;

(iv)    attorneys' fees and costs; and

(v)    audit fees and costs.

(B)    Post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by the Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged, compounded annually.

(C)    For such further or different relief as the Court may deem proper and just.

(D)    That the Court retain jurisdiction of this cause pending compliance with its order.

Respectfully submitted,

/s/ Cathy L. Rath
Cathy L. Rath (ARDC #6275744)
Attorney for Plaintiffs
Central States, Southeast and Southwest
Areas Health and Welfare and Pension
Funds and Howard McDougall, trustee
9377 West Higgins Road
Rosemont, IL 60018-4938
May 28, 2008                                        (847) 518-9800, extension 2343