UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD MCDOUGALL, Trustee, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 3087 Judge Matthew F. Kennelly |
| vs. | ) ) | |
| GEORGE W. MYLER, JR. d/b/a MYLER TRUCKING, | ) ) ) | |
| Defendant. | ) | |

**MOTION FOR ENTRY OF ORDER OF DEFAULT
AND JUDGMENT BY DEFAULT**

Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Howard McDougall, trustee (hereinafter collectively referred to as the "Pension Fund"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("F.R.Civ.P."), hereby move this court for the entry of an order of default and judgment by default against Defendant George W. Myler, Jr. d/b/a Myler Trucking ("Myler"). In support of this motion, the Pension Fund states as follows:

1.      On May 28, 2008, the Pension Fund filed a Complaint against Myler in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended by the Multiemployer Pension Plan Act Amendments of 1980, to recover delinquent employer contributions due and owing to the Pension Fund by Myler as well as interest, liquidated damages, and attorneys' fees and

-1-

costs.

2.      This Court has subject matter jurisdiction of this action and venue of this action properly lies in this District.  29 U.S.C. § 1132(e)(1) and (e)(2).  (Paragraphs 4 and 5 of the Affidavit of Jo Evelyn George-Roberson attached hereto as Exhibit A (hereinafter, "¶ __, Ex. A").

3.      On June 26, 2008, Myler was personally served with the Summons and Complaint and this Court has personal jurisdiction over Myler.  *See Docket Entry No. 9, Return of Service*.

4.      The time for Myler to appear, plead, or otherwise defend has expired and Myler has failed to appear, plead, or otherwise defend in this action.

5.      The Pension Fund receives contributions from numerous employers pursuant to collective bargaining agreements by and between employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT").  (¶ 6, Ex. A.)

6.      The contributions received by the Pension Fund are used to provide pension benefits to the participants of the Pension Fund.  (¶ 6, Ex. A.)

7.      Myler is an employer bound by the provisions of a collective bargaining agreement with Local 135 of the IBT.  Pursuant to the provisions of the collective bargaining agreement, Myler was required to pay monthly employer contributions to the Pension Fund on behalf of certain covered employees.  (¶ 7, Ex. A.)

8.      Myler and Local 135 executed a Participation Agreement which requires Myler to pay contributions to the Pension Fund in accordance with the Collective Bargaining Agreement.  (¶ 7, Ex. A)

9.      Myler, as a participating employer in the Pension Fund, is required to advise

the  Pension Fund with respect to the names of individuals who perform covered work and are required to indicate which weeks are worked by the employees.  Based upon the work history reported by the employers, the Pension Fund bills the employers for contributions. (¶ 8, Ex. A.)

10.     Myler breached the provisions of the collective bargaining agreement, the Participation Agreement and the Pension Fund's Trust Agreement by failing to pay all contributions and interest due to the Pension Fund for the period January 2003 through December 2006.  (¶ 9, Ex. A.)

11.     As a result, Myler owes delinquent employer contributions of $35,540.00 to the Pension Fund.  (¶ 9, Ex. A.)

12.     Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under 29 U.S.C. § 1145:

       (i)     the unpaid contributions;

       (ii)    interest on the unpaid contributions;

       (iii)   an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and

       (iv)   reasonable attorneys' fees and costs.

13.     Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.  (¶ 11, Ex. A.)

14.    Through July 31, 2008, Myler owes the Pension Fund the total amount of $11,982.55 in interest on the unpaid employer contributions.  (¶ 12, Ex. A.)

15.    Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions.  (¶ 13, Ex. A.)

16.    Myler owes the Pension Fund the total amount of $11,982.55 in liquidated damages.  (¶ 14, Ex. A.)

17.    Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged, compounded annually.  (¶ 16, Ex. A.)

18.    Pursuant to the provisions of the Pension Fund Trust Agreement and ERISA, 29 U.S.C. § 1132(g)(2)(D), Myler is required to pay all attorneys' fees and costs incurred in connection with this case.  The attorneys' fees total $2,191.50 and costs total $410.00. (See Affidavit of Cathy L. Rath attached hereto as Exhibit B and incorporated herein by reference).

19.    Accompanying this motion as Exhibit C attached hereto is a proposed Judgment Order.

**WHEREFORE**, Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, pray for entry of judgment by default in favor of Plaintiffs and against Defendant George W. Myler, Jr. d/b/a Myler Trucking as follows:

(A)     For the past due employer contributions to the Pension Fund in the amount of $35,540.00; interest in the amount of $11,982.55; liquidated damages in the amount of $11,982.55; attorneys' fees in the amount of $2,191.50; and costs in the amount of $410.00.

(B)     That this Court award Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(C)     For such other relief deemed just and proper.

Respectfully submitted,

/s/ Cathy L. Rath
Cathy L. Rath (ARDC #06275744)
Attorney for Plaintiffs
Central States, Southeast and Southwest
Areas Pension Fund
9377 West Higgins Road
Rosemont, Illinois  60018-4938
847/518-9800, Ext. 2343

August 6, 2008

## CERTIFICATE OF SERVICE

I, Cathy L. Rath, one of the attorneys for the Central States, Southeast and Southwest Areas Pension Fund, certify that on August 6, 2008, I caused the foregoing Motion for Entry of Order of Default and Default Judgment to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system, and upon:

George W. Myler, Jr.
8815 S. 750 W.
Covington, IN 47932

via UPS Overnight Delivery on August 6, 2008 from 9377 West Higgins Road, Rosemont, Illinois 60018.

/s/ Cathy L. Rath
Cathy L. Rath
One of Central States' Attorneys

F: 269629 / 08310046 / 8/01/08                                -6-

# EXHIBIT A
## Affidavit of Jo Evelyn George-Roberson

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 08 CV 3087 |
| vs. | ) ) | Judge Kennelly |
| GEORGE W. MYLER, JR. d/b/a MYLER TRUCKING, an Indiana resident, | ) ) ) ) | Magistrate Judge Brown |
| Defendant. | ) ) | |

## AFFIDAVIT OF JO EVELYN GEORGE-ROBERSON

State of Illinois    )
                     ) SS
County of Cook       )

I, Jo Evelyn George-Roberson, having been duly sworn on oath, depose and state as follows:

1.    I am the Department Manager - Collections at the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

F: 251893 / 07110015 / 8/5/08                -1-

2.    I am responsible for managing the collection of past due employer contributions owed to the Pension Fund, including past due employer contributions owed by George W. Myler, Jr. d/b/a Myler Trucking ("Myler").

3.    In the regular course of business, the Pension Fund keeps and maintains files relating to the contributions owed by Myler to the Pension Fund. The file is under my dominion and control.

4.    On the date this action was filed and to the present date, Plaintiff Howard McDougall was and is one of the trustees and a fiduciary of the Pension Fund. Mr. McDougall, along with the other Trustees, are the plan sponsors of the Pension Fund within the meaning of Section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10).

5.    The Pension Fund is a multiemployer plan which is administered at its principal place of business at 9377 West Higgins Road, Rosemont, Illinois 60018-4938.

6.    The Pension Fund receives employer contributions from approximately 3,000 employers pursuant to collective bargaining agreements by and between employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

7.    The Pension Fund's records indicate that Myler was bound by a collective bargaining agreement and Participation Agreement entered into with Local Union 135 affiliated with the IBT under which Myler was required to pay employer contributions to the

F: 251893 / 07110015 / 8/5/08                    -2-

Pension Fund on behalf of certain of its employees. Myler is also bound by the Pension Fund's Trust Agreement.

8.    The Pension Fund relies upon employers to self-report the work history of eligible employees. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Pension Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g. layoffs, new hires, terminations, etc.). The Pension Fund relies upon these reports submitted by employers to prepare a monthly contributions bill that is sent to the employers. Contributions for each calendar month are due 15 days after the end of the month.

9.    Myler has not paid all employer contributions owed by Myler to the Pension Fund for the period of January 2003 through December 2006 in the principal amount of $35,540 to the Pension Fund. A true and correct copy of the Pension Fund's Breakdown of Contributions Outstanding for Myler is attached hereto as Exhibit I and is incorporated herein by reference.

10.    Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under Section 515 of ERISA, 29 U.S.C. § 1145:

    (i)    the unpaid contributions;

    (ii)    interest on the unpaid contributions;

   (iii) an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and

   (iv) reasonable attorney's fees and costs.

11. Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.

12. Through July 31, 2008, Myler owes the Pension Fund interest on the unpaid contributions in the total amount of $11,982.55.

13. Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions.

14. Myler owes liquidated damages equal to doubled interest in the total amount of $11,982.55 to the Pension Fund.

15. As a result of Myler's failure to pay all of the contributions owed by Myler to the Pension Fund, Myler is indebted in the total amount of $59,505.10 to the Pension Fund, exclusive of attorney's fees and costs.

16. Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New

York) for the fifteenth day of the months for which the interest is charged, compounded annually.

17.    Pursuant to the provisions of the Pension Fund's Plan, the Pension Fund is required to and does provide pension credit to employees of participating employers regardless of whether the employer ever pays the corresponding contributions.

**FURTHER AFFIANT SAYETH NOT.**

Jo Evelyn George-Roberson

Subscribed and sworn to before me, a Notary Public, this 6th day of August, 2008.

Notary Public

Official Seal
Connie Boven
Notary Public State of Illinois
My Commission Expires 08/10/2011

# EXHIBIT I TO EXHIBIT A
## to Affidavit of Jo Evelyn George-Roberson

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS
PENSION FUND

BREAKDOWN OF CONTRIBUTIONS OUTSTANDING
**As Of July 31, 2008**

**MYLER TRUCKING**
ACCOUNT NO. 5740950-0104

| TRANS. NO | DESCRIPTION | AMOUNT | INT. THRU 07/31/2008 | PAYMENTS APPLIED | DATE POSTED | BALANCE DUE |
|---|---|---|---|---|---|---|
| 1728732 | 2003 - 2006 Audit | $36,040.00 | $11,982.55 | $500.00 | 05/12/2008 | 47,522.55 |
| TOTALS | | $36,040.00 | $11,982.55 | $500.00 | | $47,522.55 ** |

FOOTNOTES:

*Interest thru 07/31/2008
computed on individual items
from date due.

** A judgment entered against an employer shall include the total balance due as stated
above plus an additional amount equal to the greater of:

(A) Doubling of interest $11,982.55

(B) Liquidated damages, based on the unpaid
contributions in the amount of 20% $7,108.00

# EXHIBIT B
## Affidavit of Cathy L. Rath

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND            )
SOUTHWEST AREAS PENSION FUND             )
and HOWARD McDOUGALL, trustee,           )
                                          )
                    Plaintiffs,           )      Case No.:  08 CV 3087
                                          )
          vs.                             )      Judge Kennelly
                                          )
GEORGE W. MYLER, JR. d/b/a               )      Magistrate Judge Brown
MYLER TRUCKING, an Indiana               )
resident,                                 )
                                          )
                    Defendant.            )

## AFFIDAVIT OF CATHY L. RATH

State of Illinois    )
                     ) SS
County of Cook       )

I, Cathy L. Rath, having been duly sworn on oath, depose and state as follows:

1.    I am an attorney employed by the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and I am familiar with the pending litigation.

2.    I have reviewed the Plaintiffs billing records (attached as Exhibit 1 to this affidavit) and have determined that the work performed in connection with this case was performed by Albert M. Madden (AMM), myself (CLR) and George O. Hansen (GOH), a paralegal at Central States.    Mr. Madden graduated from law school in 1980 and was admitted to practice in Illinois in 1980. He is admitted to practice and has argued cases in the United States Court of Appeals for the Sixth, Seventh and Eighth Circuits. He is a member of the Trial Bar of the United States District Court for the Northern District of

Illinois. He has worked for Central States since 1985 and has handled hundreds of fringe benefit contribution cases. He is responsible for supervising the activities of the other attorneys employed by Central States who are assigned to handle fringe benefit contribution cases. I graduated from the Chicago Kent College of Law in 2001 and was admitted to the bar of the State of Illinois on November 8, 2001 and to the United States District Court for the Northern District of Illinois on November 2, 2002. I have worked for Central States since November 2002 handling numerous ERISA withdrawal liability and delinquent contribution cases.

3. I believe that a reasonable rate for the aforementioned services is $160.00 per hour for work performed by myself. I believe that a reasonable rate for the aforementioned services is $250.00 per hour for work performed by Mr. Madden. I believe that a reasonable rate for the aforementioned services by George O. Hansen is $105.00 per hour. On that basis, the total of legal fees incurred with respect to Plaintiffs' claim for delinquent contributions against Myler in this matter is $2,191.50 (1.0 hours x $250.00 per hour (AMM), 9.05 hours x $160.00 per hour (CLR), and 4.7 hours at $105.00 per hour for George O. Hansen (GOH)).

4. The legal services are briefly summarized as follows: review file, including collective bargaining agreement, delinquency billing report and current claim; preparation of complaint, appearance, and summons; review affidavit of service; preparation of motion for entry of judgment by default, including supporting affidavits, exhibits, and proposed judgment order.

5. Based upon my experience in similar cases, I believe that the above rates are at or below the market rate charged for legal work and therefore, is reasonable. I also

believe that the amount of time spent on this case is reasonable.  On that basis, the total of legal fees incurred in this matter is $2,191.50.

6.     The Pension Fund has also incurred the following costs in connection with this litigation in the total amount of $410.00, consisting of filing fee in the amount of $350.00 and service of process fee in the amount of $60.00.

**FURTHER AFFIANT SAYETH NOT.**

Cathy L. Rath

Subscribed and sworn to before me, a Notary Public, this _6th_ day of August, 2008.

_____
Notary Public

Official Seal
Connie Boven
Notary Public State of Illinois
My Commission Expires 08/10/2011

# EXHIBIT 1 TO EXHIBIT B

**Central States Funds**
**9377 West Higgins Road**
**Rosemont, Illinois  60018**

August 06, 2008

Case Name: Myler
Trucking
Control No:  08310046
Case Type:
Allocation:

---

## Description of Services

| | | | Hours | Amount |
|---|---|---|---|---|
| 5/22/2008 | CLR | Review file; Draft  complaint. | 1.20 | 192.00 |
| 5/27/2008 | AMM | Review and revise Complaint; conference with Cathy L. Rath regarding revisions. | 0.70 | 175.00 |
| | CLR | Conduct asset search; Review audit file; E-mail Andrew M. Sprau, Jo Evelyn George Roberson and Donald S. Schaefer regarding: Company status and potential for complete withdrawal; Revise complaint per Albert M. Madden; Check for other litigation. | 3.90 | 624.00 |
| 5/28/2008 | CLR | Revise complaint per Albert M. Madden; file case;  Prepare summons, civil coversheet; Appearances. | 1.40 | 224.00 |
| | AMM | Exchange e-mails with Cathy L. Rath. | 0.30 | 75.00 |
| 5/29/2008 | GOH | Review memo from Cathy L. Rath; correspondence with process server to have summons and complaint served; E-mail Cathy L. Rath regarding summons. | 1.10 | 115.50 |
| 6/4/2008 | GOH | Correspondence from Fountain County Sheriff recheck address; telephone conference with Warren County, IN; | 1.50 | 157.50 |

August 06, 2008
Page 2

|  |  |  | Hours | Amount |
|---|---|---|---|---|
|  |  | correspondence with same. |  |  |
| 6/5/2008 | CLR | Memorandum to George O. Hansen for service of summons & complaint. | 0.10 | 16.00 |
| 6/18/2008 | CLR | Check for bankruptcy of Defendant or principal of defendant. | 0.25 | 40.00 |
| 6/20/2008 | GOH | Review E-mail; check status of service and complaint. | 0.50 | 52.50 |
| 6/24/2008 | GOH | Telephone conference with Warren County Sheriff; conference with Cathy L. Rath; correspondence with sheriff. | 1.00 | 105.00 |
| 6/30/2008 | GOH | Follow-up with Warren County Sheriff regarding service of summons; E-mail to Cathy L. Rath. | 0.60 | 63.00 |
| 7/1/2008 | CLR | File Return of service. | 0.20 | 32.00 |
| 7/7/2008 | CLR | Check for bankruptcy filing. | 0.10 | 16.00 |
| 7/17/2008 | CLR | Prepare and file Certificate of Service regarding: Court's minute order. | 0.40 | 64.00 |
| 7/25/2008 | CLR | Draft Motion for default judgment; Affidavit of Jo Evelyn George Roberson and Cathy L. Rath;  Draft proposed Order. | 1.50 | 240.00 |
| **Total Fees** |  |  | **14.75** | **$2,191.50** |

August 06, 2008
Page 3

## **Expenses**

|  |  | Amount |
|---|---|---|
| 5/28/2008 | Complaint Fee | 350.00 |
| 6/24/2008 | Fee for service of summons and complaint. | 60.00 |
| | **Total Expenses** | **$410.00** |
| | **Total amount of this bill** | **$2,601.50** |

# EXHIBIT C
## Proposed Judgment Order

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 08 CV 3087 |
| vs. | ) ) | Judge Kennelly |
| GEORGE W. MYLER, JR. d/b/a MYLER TRUCKING, an Indiana resident, | ) ) ) ) ) | Magistrate Judge Brown |
| Defendant. | ) | |

## JUDGMENT ORDER

At Chicago, Illinois, in the District and Division aforesaid, before the Honorable Matthew F. Kennelly, District Judge.

This cause coming to be heard this 14th day of August, 2008, on Plaintiffs' Motion for Entry of Order of Default and Judgment by Default, due notice having been served, and it appearing of record that a complaint for collection of delinquent employer contributions, interest, and statutory damages under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, was filed by Plaintiffs on May 28, 2008; that Defendant George W. Myler, Jr. d/b/a Myler Trucking, was personally served by delivery of Summons and Complaint on June 26, 2008; that Plaintiffs have submitted affidavits in support of judgment; and the Court having fully considered the Complaint, the Motion for Entry of Order of Default and Judgment by Default and supporting affidavits, and the record in this case does hereby find: (i) that this Court has jurisdiction of the action; (ii) that an order of default and judgment by default may properly be entered in favor of Plaintiffs and against

Defendant, George W. Myler, Jr. d/b/a Myler Trucking; and (iii) that Plaintiffs have established by evidence satisfactory to this Court that judgment should be entered against Defendant for the principal amount, interest, liquidated damages, attorneys' fees and costs ordered hereinbelow, wherefore:

**IT IS ORDERED**:

A.    Judgment by default be and is hereby entered in favor of Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, and against Defendant George W. Myler, Jr. d/b/a Myler Trucking, in the total amount of $62,106.60. The judgment amount consists of: (i) delinquent employer contributions in the amount of $35,540.00; (ii) interest in the amount of $11,982.55; (iii) liquidated damages in the amount of $11,982.55; (iv) attorneys' fees in the amount of $2,191.50; and (v) costs in the amount $410.00 awarded pursuant to 29 U.S.C. § 1132(g)(2).

B.    That Plaintiffs are awarded post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged, compounded annually.

C.    Specifically excluded from this judgment and not barred under any claim preclusion are: (i) any obligation of Defendant George W. Myler, Jr. d/b/a Myler Trucking to pay employer contributions (or interest and statutory damages thereon) for any period other than the period of January 2003 through December 2006; (ii) any claim for employer contributions (or interest or statutory damages thereon) for any period of time (including the period of January 2003 through December 2006) on behalf of employees whose work history was not reported or was inaccurately reported to the Pension Fund; and (iii) any claim for withdrawal liability.

2

D.      That Plaintiffs are awarded execution for the collection of the judgment and

costs granted.

E.      That the Court retain jurisdiction of the cause for the purpose of enforcing this

Order.

Enter:

Dated: _____                    _____

                                           Matthew F. Kennelly
                                           United States District Judge